IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:25-cv-07879

CHRIS MCANDREW,

    Plaintiff,

v.

THEATRICAL INDEX LTD.,

    Defendant.

# COMPLAINT

Plaintiff Chris McAndrew ("Plaintiff") sues defendant Theatrical Index Ltd. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual currently residing in London, England.

2. Defendant is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 500 7th Avenue, 8th Floor, New York, NY 10018. Defendant's agent for service of process is Sendroff & Baruch LLP, 1500 Broadway, Suite 201, New York, NY, 10036.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is an award-winning freelance photographer based in East London, working predominantly in portraiture, shooting anything from A-list celebrities to cutting-edge talent both in the studio and on location.

7. Plaintiff's editorial work features regularly in many leading national publications, along with music industry, PR, corporate and commercial commissions. Some of Plaintiff's image collection and a list of the clients he has worked with are available on his website (at https://mcandrewphoto.co.uk/).

### II. The Work at Issue in this Lawsuit

8. Plaintiff created a professional photograph of actor Paul Bettany in a gray suit with a gray background titled "CMC_Bettany_01" (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

9. The Work was registered by Plaintiff with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of each Certificate of

Registration pertaining to the Work are attached hereto as **Exhibit "B."**

10. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

11. Defendant owns and operates a comprehensive theater database providing updates on shows nationwide, publishing both online and printed media.

12. Defendant advertises/markets its business through its website (https://www.theatricalindex.com/), social media (e.g., https://www.facebook.com/TheatricalIndex/, https://www.instagram.com/theatricalindex/), and other forms of advertising.

13. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or print media as means of advertising, promoting, and/or marketing its business.

14. True and correct copies of screenshots of Defendant's website, webpage, social media, and/or print media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

15. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

16. Defendant utilized the Work for commercial use.

17. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own

commercial use.

18. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in December 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

19. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

22. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

23. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

24. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

25. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

26. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2025 Theatrical Index, All Rights Reserved"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

27. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

28. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from

infringement of the Work, which amounts shall be proven at trial.

29.  Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

30.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

31.  Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: September 23, 2025.                COPYCAT LEGAL PLLC
                                          3111 N. University Drive
                                          Suite 301
                                          Coral Springs, FL 33065
                                          Telephone: (877) 437-6228
                                          dan@copycatlegal.com

                                          By: /s/ Daniel DeSouza
                                                Daniel DeSouza, Esq.